09-3648-ag
Huang  v. Holder

BIA
Gordon-Uruakpa, IJ
A079 241 419

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of May, two thousand ten.

PRESENT:
>        GUIDO CALABRESI,
>        PETER W. HALL,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

FENG E. HUANG,
>        *Petitioner*,

>        v.                                          09-3648-ag
>                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Henry Zhang, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Anthony P. Nicastro,
                         Assistant Director, Andrew N.
                         O'Malley, Trial Attorney, Office of
                         Immigration Litigation, Civil

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng E. Huang, a native and citizen of China, seeks review of an August 10, 2009, order of the BIA, affirming the December 10, 2007, decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa pretermitting her application for asylum and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Feng E. Huang*, No. A079 241 419 (B.I.A. Aug. 10, 2009), *aff'g* No. A079 241 419 (Immig. Ct. N.Y. City Dec. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90,

95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency did not err in determining that Huang failed to meet her burden in establishing her eligibility for withholding of removal and CAT relief.[1]  With respect to Huang's claim based on her religion, the agency reasonably found that she had not shown a likelihood of future persecution or torture based on her religious activities in China.  The agency reasonably deemed "speculative" Huang's assertions that if she were returned to China; (a) she would continue to practice her religion (a religion she had only been practicing since her arrival in this country);(b) she would do so by joining an underground church, and (c) she

---

[1] Huang does not challenge the IJ's pretermission of her untimely asylum application.  *See* 8 U.S.C. § 1158 (a)(2)(B).  Although she argues in her brief that she met the standard for asylum, *i.e.*, a well-founded fear, we are not persuaded by the government's argument that she waived any challenge to the denial of withholding of removal and CAT relief.  Because the IJ's decision was cast in terms of the asylum standard, it is understandable that Huang's challenge to that decision would be cast in similar terms.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (explaining that "[b]ecause the withholding of removal analysis overlaps factually with the asylum analysis, but involves a higher burden of proof, an alien who fails to establish his entitlement to asylum necessarily fails to establish his entitlement to withholding of removal").

would practice her religion in a manner that would attract the government's attention and subject her to persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (holding that to establish asylum eligibility, "an applicant must establish that his [or her] putative persecutor is, or could become, aware of the applicant's possession of the disfavored belief or characteristic") (internal quotation marks omitted); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

With respect to her claim based on the birth of her two U.S. citizen children, Huang appears to argue that the agency erred in declining to assign probative weight to her testimony and the documentary evidence that she submitted. Contrary to Huang's argument, the IJ thoroughly analyzed Huang's testimony and documentary evidence, and reasonably determined that Huang "failed to demonstrate that her fear [was] objectively reasonable." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to an alien's evidence in immigration proceedings lies largely within the discretion

4

of the IJ).  In addition, the agency did not err in declining to assign probative weight to Huang's testimony and letters from her husband's family members because they were not *material* in that they did not detail the forced sterilizations of similarly situated individuals, *i.e.,* those who returned to China after giving birth to children abroad.  *See Jian Hui Shao*, 546 F.3d at 160-61; *see also Xiao Ji Chen*, 471 F.3d at 342.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk